UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. OWEN ZACHARY SIMONSON, Defendant. | 4:23-CR-40087-KES <br><br> **ORDER DENYING MOTION TO DISMISS** |

Defendant, Owen Zachary Simonson, moves to dismiss the indictment in the above-entitled case that charges him with possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Dockets 1, 19. Simonson contends that § 922(g)(1) is unconstitutional under the standard articulated by the Supreme Court in its recent decision *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). Docket 20 at 1. The government objects, arguing that the Eighth Circuit has already upheld the constitutionality of § 922(g)(1) under *Bruen* in *United States v. Jackson*, 69 F.4th 495, 501-506 (8th Cir. 2023).

**LEGAL BACKGROUND**

The Second Amendment of the United States Constitution was construed during the twentieth-century as a right held by individuals in the militia and not an everday individual. *See United States v. Miller*, 307 U.S. 174, 178-79 (1939). In *District of Columbia v. Heller*, 554 U.S. 570 (2008), however, the

Supreme Court held that the Second Amendment of the United States Constitution "conferred an *individual* right to keep and bear arms." *Heller*, 554 U.S. at 595 (emphasis added). *McDonald v. City of Chicago, Ill.* then incorporated that holding to the states via the Fourteenth Amendment. *See* 561 U.S. 742, 750 (2010).

Following the Supreme Court's decisions in *Heller* and *McDonald*, the Courts of Appeals developed a two-step test to evaluate Second Amendment claims. *Bruen*, 142 S.Ct. at 2125-26 (2022). "At the first step, the government may justify its regulation by establishing that the challenged law regulates activity falling outside the scope of the right as originally understood[.]" *Id.* at 2126 (citations omitted). Activity that falls beyond the original scope of the amendment was "categorically unprotected[,]" and the analysis could thus end. *Id.* If the activity was protected, the court proceeded to the second step, where "courts often analyze[d] how close the law comes to the core of the Second Amendment right and the severity of the law's burden on that right." *Id.* (citations omitted). Most courts considered the right to possess arms for self-protection in the home to be the core of the right. *See Gould v. Morgan*, 907 F.3d 659, 671 (1st Cir. 2018).

In *Bruen*, the Supreme Court examined the test developed after *Heller* and found that it had "one step too many." 142 S.Ct. at 2127. According to the test articulated in *Bruen*,

> [w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that

2

>  it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendments 'unqualified command.'

*Id.* at 2129-30 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 49, n. 10 (1961)).

The decision in *Bruen* has prompted significant litigation concerning existing gun laws, including numerous challenges to 18 U.S.C. § 922(g). *See, e.g., United States v. Rahimi*, 61 F.4th 443, 448 (5th Cir. 2023) (finding 18 U.S.C. § 922(g)(8) unconstitutional); *United States v. Ryno*, --- F. Supp. 3d ---, 2023 WL 3736420, at *7 (D. Alaska May 31, 2023) (upholding constitutionality of 18 U.S.C. § 922(g)(9)). The Eighth Circuit recently addressed a constitutional challenge to § 922(g)(1) in *United States v. Jackson* and, applying the *Bruen* framework, found that the section was constitutional. *See Jackson*, 69 F.4th at 501-506. The *Jackson* court analyzed the language in both *Heller* and *Bruen*, highlighting the ways in which the Supreme Court upheld the validity of felon in possession bans. *Id.* at 501-502. *Jackson* affirmed that "[g]iven these assurances by the Supreme Court, and the history that supports them, [the Eighth Circuit] conclude[s] that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.* at 502.

## DISCUSSION

As Simonson acknowledges, "the Eighth Circuit has recently ruled that 18 U.S.C. § 922(g)(1) is constitutional and not subject to either facial or 'as applied' challenges." Docket 20 at 1. Though other circuit courts have ruled differently, *see Range v. Att'y Gen. of United States*, 69 F.4th 96, 106 (3d Cir.

2023) (finding 18 U.S.C. § 922(g)(1) unconstitutional as applied to petitioner), this court remains bound by the precedent of the Eighth Circuit. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (noting an Eighth Circuit decision "is controlling until overruled by [the] court en banc, by the Supreme Court, or by Congress.") Thus, this court must deny Simonson's constitutional challenge.

## CONCLUSION

Because the Eighth Circuit has already held that 18 U.S.C. § 922(g)(1) is constitutional under the standard articulated in *Bruen* and because Simonson's argument rests entirely on a contrary interpretation of law, it is

ORDERED that Simonson's motion to dismiss the Indictment (Docket 19) is denied.

Dated November 14, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE